KC FILED
FEB 0 2 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> INFINITY HOME IMPROVEMENT, INC., d/b/a GUTTER HELMET <br><br> Defendant. | Civil A**06C 0608** <br><br> **JUDGE CASTILLO** <br><br> JURY TRIAL DEMAND <br> **MAGISTRATE JUDGE LEVIN** |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the bases of race and retaliation and to provide appropriate relief to two classes of employees who were adversely affected by such practices: (1) a class of black employees, including Martin Ellens ("Ellens"), Jermaine Ervin ("Ervin"), and Calvin Taylor ("Taylor"), who were harassed, discharged, and not rehired because of their race; and (2) a class of employees, including Ellens and Robert Ritthamel ("Ritthamel"), who were discharged and not rehired in retaliation for opposing employment practices prohibited by Title VII.

### JURISDICTION AND VENUE

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1), § 706(f)(3), 42 U.S.C.

§2000e-5(f)(1) §2000e-5(f)(3).

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345, 42 U.S.C. §§ 2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

5. Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1), Title VII, 42 U.S.C. §2000e-5(f)(1).

6. At all relevant times, Defendant Infinity Home Improvement, Inc. ("Defendant" or "Infinity") has continuously been a corporation doing business in Illinois.

7. At all relevant times, Infinity has continuously had at least fifteen (15) employees.

8. At all relevant times, Infinity has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

9. On July 1, 2004, more than thirty (30) days prior to the institution of this lawsuit, Martin Ellens filed a charge of discrimination with the Commission alleging violations of Title VII by Infinity.

10. On July 14, 2004, more than thirty (30) days prior to the institution of this lawsuit, Calvin Taylor filed charges of discrimination with the Commission alleging violations of Title VII by Infinity.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Defendant has engaged in discrimination against a class of black employees, including Ellens, Ervin, and Taylor, in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These unlawful employment practices include, but are not limited to:

(a) subjecting employees, including Ellens, Ervin, and Taylor, to a hostile working environment based on their race; and

(b) discharging and not rehiring employees, including Ellens, Ervin, and Taylor, based on their race.

13. Defendant has engaged in discrimination, in violation of § 704(a) of Title VII, 42 US.C. 2000e-3(a), against a class of employees, including Ellens and Ritthamel, who opposed employment practices prohibited by Title VII. These unlawful employment practices include, but are not limited to discharging and not rehiring employees, including Ellens and Ritthamel, in retaliation for opposing race discrimination.

14. The result of the practices complained of in paragraphs 12 and 13 has been to deprive a class of employees, including Ellens, Ervin, and Taylor, of equal employment opportunities and otherwise adversely affect their status as employees because of their race, and to deprive a class of employees, including Ritthamel and Ellens, of equal employment opportunities and otherwise adversely affect their status as employees because of their opposition to unlawful race discrimination.

15. The unlawful employment practices complained of above in paragraphs 12 and 13 were and are intentional.

16. The unlawful employment practices complained of in paragraph 12 were done with malice or with reckless indifference to the federally protected rights of each member of the class of employees described in that paragraph, including Ellens, Ervin, and Taylor.

17. The unlawful employment practices complained of in paragraphs 13 were done with malice or with reckless indifference to the federally protected rights of each member of the class of employees described in that paragraph, including Ellens and Ritthamel.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any

employment practices which discriminate on the basis of race and/or which retaliate against employees for opposing employment practices prohibited by Title VII;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race, and which eradicate the effects of its unlawful employment practices on all employees;

C. Order Defendant to make whole a the class of employees described in paragraph 12, including Ellens, Ervin, and Taylor, by providing compensation for past and future non-pecuniary losses resulting from the unlawful race discrimination alleged above, including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

D. Order Defendant to make whole a the class of employees described in paragraph 13, including Ellens and Ritthamel, by providing compensation for past and future non-pecuniary losses resulting from the unlawful discrimination based on retaliation alleged above, including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

E. Order Defendant to make whole the class of employees described in paragraph 12, including Ellens, Ervin, and Taylor, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to front pay or rightful place reinstatement to such employees, and compensation for past and future non-pecuniary losses resulting from the unlawful race discrimination alleged above, including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

F. Order Defendant to make whole the class of employees described in paragraph 13, including Ellens and Ritthamel, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to front pay or rightful place reinstatement to such employees, and compensation for past and future non-pecuniary losses resulting from the unlawful discrimination based on retaliation alleged above, including emotional pain, humiliation, and inconvenience in amounts to be determined at trial;

G. Order Defendant to pay punitive damages for its malicious and reckless conduct

described in paragraphs 12 and 13, in amounts to be determined at trial;

      H.     Grant such further relief as this Court deems necessary and proper in the public interest; and

      I.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity
Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Gregory Gochanour
Supervisory Trial Attorney

Justin Mulaire
Trial Attorney

Equal Employment Opportunity
Commission
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
312-353-7722